# McMORAN, O'CONNOR, BRAMLEY & BURNS, P.C.

COUNSELLORS AT LAW

TEL. (732) 223-7711 • FAX (732) 223-7750
www.mcmoranlaw.com

NEW JERSEY OFFICE

2399 HIGHWAY 34
BLDG. D, SUITE D-1
MANASQUAN, NEW JERSEY 08736

NEW YORK OFFICE

10 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10020

**REPLY TO: NEW JERSEY OFFICE**

MICHAEL F. O'CONNOR
MEMBER OF NJ AND NY BARS
moconnor@mcmoranlaw.com


November 14, 2026

**VIA ECF**
Honorable Andre M. Espinosa, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Jr. Courthouse
50 Walnut Street Room 2037, Courtroom 2D
Newark, NJ 07102

**Re: Singh v. Hudson Hospital OPCO, LLC, et al.**
**Case No.: 2:21-cv-19788-MEF-AME**

Dear Judge Espinosa:

We and our co-counsel, Timothy McInnis, Esq., represent the Relator, Dr. Vijayant Singh, in the captioned matter.

Pursuant to the Court's Civil Case Management Order and Local Civil Rules 16.1 and 37.1, we write jointly with Defendants to request the Court's assistance in resolving the discovery dispute outlined below.

**Relator's Position**

Defendants' Answer and discovery responses strongly suggest that Defendants intend to rely on a good faith/on advice of counsel defense. The assertion of that defense would constitute a waiver of the attorney-client privilege. However, in their recently produced privilege log, Defendants assert the attorney-client privilege over nearly 482 pages of documents.

On October 14, 2026, we requested that Defendants (i) confirm whether they are asserting a good faith on advice of counsel defense and, if so, (ii) produce the attorney client communications on which they base the defense. Defendants have not responded.

Defendants' Answer

Relator's First Amended Complaint alleges that the Defendants violated the False Claims Act by retaining excess High Impact Distributions, which Defendants knew they were not entitled to retain.

The Answer denies each of Relator's scienter allegations. *See, e.g.*, ¶¶ 149-158. Defendants' Fourth Affirmative Defense also pleads lack of scienter. Defendants' Second Affirmative Defense pleads that Defendants had no clear obligation to return excess High Impact Distributions and thus also implicates Defendants' state of mind.

Defendants' Fifth Affirmative Defense pleads that "Relator's claims fail because the Government had actual knowledge of Defendants' receipt and retention of PRF High Impact Payments." Defendants' Sixth Affirmative Defense pleads that "Relator's claims fail because Defendants' receipt and retention of PRF High Impact Payments as alleged in the FAC were not material to the Government's decision to not recoup the funds." The defenses appear to plead a good faith defense based on alleged communications that Defendants had with the Government.

Defendants' Discovery Responses

Defendants' Answer to Interrogatory No. 1 certifies that individual Defendants Moulick and Pelino have knowledge of "(vi) communications with the U.S. Department of Health and Human Services ("HHS"), the Health Resources and Services Administration ("HRSA"), and/or the U.S. Department of Justice ("DOJ") regarding the receipt and/or retention of PRF payments; and (vii) Defendants' reliance on guidance from HHS, HRSA, and/or DOJ." Defendants' Answer to Interrogatory No. 15 states that the decision the decision to retain the payments the entity Defendants received for approximately 1,214 patients who were not inpatients with a positive COVID diagnosis "included a process that involved, among others, Achintya A. Moulick, M.D., William D. Pelino, other employees of the hospitals, **counsel**, and **representatives from the government**." (Emphasis added).[1]

Privilege Log

Defendants' privilege log asserts that 331 documents comprising 482 pages are privileged. *See* Exhibit B. Most of the documents are communications between Defendants (or Andrew Leven, Esq., *procura* in-house counsel) and Arnold & Porter, which Defendants claim are "[c]onfidential attorney-client communication[s] made for the purpose of seeking and providing legal advice re: HRSA Provider Relief Fund High Impact Submissions."

---

[1] Copies of interrogatory answers 1 and 15 are attached as Exhibit A.

We note that Defendants' production included emails between Catherine A. Porter, Esq. and Alana Ried, Esq. of Arnold & Porter and HRSA regarding the definition of "confirmed" COVID-19 admissions, the definition of "admission," and related issues. *See, e.g.* DEF00001697-1702 attached as Exhibit C. A July 9, 2020 meeting apparently followed the emails. In our joint October 10, 2026 letter to the Court, Defendants represented that "... it is our understanding that many of the communications with HRSA, HHS, and/or DOJ were verbal, such as through telephone discussions." Presumably, Arnold & Porter had those verbal communications with the government and relayed the substance of certain of those communications to Defendants by email.

<u>Our Concerns</u>

It appears that Defendants are asserting, or reserving the right to assert, an advice of counsel defense without providing Relator with discovery into the advice on which the defense is based. We note that in at least one case, a special master appointed by the district court found no substantive difference between asserting an "advice of counsel" defense and asserting that counsel was "involved" in the decision underlying the dispute. *See In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, Master No. 3:15-cv-07658-MAS-LHG (D.N.J. Nov. 3, 2021), 2021 WL 5105774 at *9.

It also appears that Defendants have denied scienter and are asserting a "good faith" defense based on communications between Defendants' attorneys and government officials all of whom Defendants have claimed were "involved" in the decision to retain the overpayments.

Based on the foregoing, the Court should compel Defendants to clarify their defenses. Specifically, we request that Defendants confirm whether they are asserting an "advice of counsel" defense. We also ask if Defendants are asserting a defense based on communications their counsel had with government officials.

If the answer to the first question is yes, then Defendants should produce all communications with counsel on which the defense is based. If the answer to the second question is yes, then Defendants should produce all documents that memorialize, summarize, or describe those communications, including emails or other correspondence between Defendants and their counsel.

Defendants' contention that we failed to meet and confer is inaccurate. During the recent meet and confer, Defendants represented that they would not assert the attorney client defense. Subsequently, Defendants flipflopped and reserved the right to assert the defense. That left Relator with no choice but to raise the issue before the upcoming conference.

**<u>Defendants' Position</u>**

Relator's request should be denied.

As a threshold matter, Relator again failed to follow Your Honor's Civil Case Management Order and Local Civil Rule 37.1. The Order requires the parties to make good faith efforts to resolve a discovery dispute by conferring under Rule 37.1. Only if those efforts fail may the dispute be brought to the Court by joint letter. The parties have not yet reached an impasse on this issue. Relator sent his letter on October 14, 2026 and circulated this joint letter eight days later. Defendants answered Relator's questions in writing on October 26, 2026. The only discussion of the issue since then took place at the parties' November 5, 2026 meet and confer on search terms and custodians. Relator's counsel raised the issue briefly at that conference. Defendants' counsel advised that Defendants do not intend to raise an advice of counsel defense at this time, but they reserve the right to do so. Defendants' counsel also stated that if they do decide to assert the defense, it will be well in advance of the discovery deadline. The parties have not conferred on this dispute in any meaningful way and thus have not reached an impasse. Relator's attempt to raise a discovery dispute in this joint statute letter is inappropriate and premature and should be denied on this ground alone.

Notwithstanding the premature request, Relator's request fails on the merits. Defendants have not asserted an advice of counsel defense and are not asserting a defense based on the substance of privileged communications with counsel about counsel's communications with government officials. Defendants have confirmed both points to Relator in writing. There has been no express or implied waiver of the attorney client privilege, and the documents on Defendants' privilege log remain protected. Accordingly, there is no basis for compelling Defendants to further clarify their defenses at this juncture.

Relator says Defendants "have not responded" to Relator's October 14, 2026 request. That is inaccurate. Defendants responded in full by letter dated October 26, 2026. In that letter, Defendants confirmed that they "have not asserted an advice-of-counsel defense, nor are Defendants asserting a defense based on the substance of privileged communications with counsel concerning communications counsel had with government officials." Defendants also confirmed that they "intend to rely on nonprivileged facts and evidence, not on the substance of counsel's legal advice." *See* October 26, 2026 letter attached as Exhibit D. At the parties' meet and confer on November 5, 2026, Defendants again confirmed that, at this time, they are not asserting an advice of counsel defense. The two questions Relator asks the Court to compel Defendants to answer have been answered.

Further, as Defendants have advised Relator, nothing in Defendants' Answer, Affirmative Defenses, or discovery responses places counsel's advice at issue. Relator relies on the following to argue the contrary: Defendants' denial of scienter, the Fourth Affirmative Defense (lack of scienter), and the Second, Fifth, and Sixth Affirmative Defenses (no clear obligation to return the funds, government knowledge, and lack of materiality). These are standard defenses to a False Claims Act claim that do not require reliance on the advice of counsel to prove. Defendants intend to prove these defenses with nonprivileged facts and evidence. That evidence includes Defendants' communications with government employees, which are not privileged and have been produced. Asserting a good faith defense does not waive the attorney client privilege where the party does not place counsel's advice at issue. *See Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 863-864 (3d Cir. 1994) (holding that "[a] party does not lose the privilege to protect attorney client

communications from disclosure in discovery when his or her state of mind is put in issue in the action," and that advice of counsel is placed in issue only "where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication") (additional citations omitted).

Relator also points to Defendants' answers to Interrogatory No. 1 and 15 to support its argument. Defendants' responses to these interrogatories confirm that they intend to rely on guidance from the government, which is different than relying on advice of counsel. Counsel's participation in communications with government officials does not make Defendants' confidential communications with their own counsel discoverable. Those communications are privileged and were properly withheld. *See Louisiana Mun. Police Emps. Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 306 (D.N.J. 2008).

Relator cites to *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 315CV07658MASLHG, 2021 WL 5105774 (D.N.J. Nov. 3, 2021) to support its argument. That reliance is misplaced. In *Valeant*, the special master found a "disguised" advice-of-counsel defense where defendants pleaded reliance on the "advice of others," offered witnesses who testified that key decisions were made with assistance of counsel, and reserved the right to rely on "the involvement of counsel" as a defense to scienter. None of that is present here.

Relator references Defendants' privilege log, as well. The privilege log produced by Defendants identifies confidential communications between Defendants and its counsel. These communications were made to seek and provide legal advice about HRSA Provider Relief Fund High Impact submissions and are standard attorney-client communications.

Relator speculates that Arnold & Porter relayed the substance of oral communications with the government to Defendants by email and that Defendants are withholding same. That is wrong. Even if that were so, it would not make those emails discoverable. Counsel's confidential communications reporting those contacts to Defendants and advising Defendants about them in the context of providing legal advice are privileged. Communications with consultants retained by counsel about their investigations, and the legal advice that followed, are also protected under the attorney-client privilege and/or work product doctrines. *See JNL Mgmt. LLC v. Hackensack Univ. Med. Ctr.*, No. 2:18-CV-5221-ES-SCM, 2019 WL 2315390, at *4-5 (D.N.J. May 31, 2019). Defendants have not claimed that all communications involving law firms or non-parties are privileged. As Defendants have explained to Relator several times, any non-privileged emails that were exchanged between counsel and Defendants have been produced. Any relevant, privileged emails have been identified on the privilege log. Defendants have told Relator that, as we understand it, many of the communications with HRSA, HHS, and/or DOJ were done so orally, such as telephone calls or in person meetings. Defendants intend to serve a subpoena on the government for additional relevant records and are requesting a deposition with key government fact witnesses. Those records, together with the deposition, are the proper way for Relator to obtain the facts of those communications. Defendants' privileged communications with counsel are not.

Defendants are not, at this time, asserting an advice of counsel defense. They are also not asserting any defense based on the substance of privileged communications with counsel. Relator's

request is therefore moot, and there is no basis to compel production of privileged communications. If Defendants' position changes, they will promptly notify Relator and the Court, and the parties can then address the scope of any necessary discovery.

Defendants respectfully ask the Court to deny Relator's request.

Very truly yours,

s/ *Michael F. O'Connor*

MICHAEL F. O'CONNOR

c: Timothy McInnis, Esq.